# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | * | |
| NAOMI McMURTRY, | * | |
| | * | No. 15-405V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: December 14, 2017 |
| | * | |
| SECRETARY OF HEALTH | * | Stipulation; Flu vaccine; |
| AND HUMAN SERVICES, | * | Guillain-Barré |
| | * | syndrome ("GBS"); |
| | * | Acute disseminated |
| Respondent. | * | encephalomyelitis ("ADEM"). |
| * * * * * * * * * * * * * * * * * * * | * | |

Lawrence R. Cohan, Anapol Weiss, Philadelphia, PA, for Petitioner;
Camille M. Collett, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION[1]

On December 13, 2017, the parties filed a joint stipulation concerning the petition for compensation filed by Naomi McMurty on April 22, 2015. Petitioner alleged that the influenza ("flu") vaccine she received on or about October 24, 2013, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused her to suffer Guillain-Barré syndrome or acute disseminated encephalomyelitis. Petitioner further alleges that she suffered the residual effects of this injury for more than six months. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Respondent denies that the vaccines caused petitioner's alleged injury or any other injury, and denies that petitioner's current disabilities are the result of a vaccine-related injury.

Nevertheless, the parties agree to the joint stipulation, attached hereto. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

1. **A lump sum of $287,985.17 which amount represents compensation for first year life care expenses ($38,050.65), lost earnings ($56,582.19), pain and suffering ($175,000.00), and past unreimbursable expenses ($18,352.33), in the form of a check payable to petitioner; and**

2. **A lump sum of $148.24, which amount represents reimbursement of a lien for services rendered on behalf of petitioner, in the form of a check payable jointly to petitioner and** the **Illinois Department of Healthcare & Family Services; and**

3. **A lump sum of $575.37, which amount represents reimbursement of a lien for services rendered on behalf of petitioner, in the form of a check payable jointly to petitioner and the Colorado Department of Health Care Policy & Financing; and**

4. **An amount sufficient to purchase the annuity contract described in paragraph 10 of the attached stipulation, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 15-405V according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| NAOMI McMURTRY, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH ) <br> AND HUMAN SERVICES, ) <br> ) <br> Respondent. ) | No. 15-405V <br> Special Master Moran |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Naomi McMurtry, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received the flu vaccine on or about October 24, 2013.

3. The vaccination was administered within the United States.

4. Petitioner alleges that she suffered from Guillain-Barre Syndrome ("GBS") or acute disseminated encephalomyelitis ("ADEM") as a result of receiving the flu vaccine, and further alleges that she experienced the residual effects of this condition for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6. Respondent denies that the flu vaccine caused petitioner to suffer from GBS or ADEM or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $287,985.17 which amount represents compensation for first year life care expenses ($38,050.65), lost earnings ($56,582.19), pain and suffering ($175,000.00), and past unreimbursable expenses ($18,352.33), in the form of a check payable to petitioner; and
>
> b. A lump sum of $148.24, which amount represents reimbursement of a lien for services rendered on behalf of petitioner, in the form of a check payable jointly to petitioner and
>
> > Illinois Department of Healthcare & Family Services
> > Bureau of Collections
> > Technical Recovery Section
> > Attn: Ms. Tammy Roberts
> > P.O. Box 19174
> > Springfield, IL 62794-9174
> > Medicaid #: 04-079-0000FA9344
>
> c. A lump sum of $575.37, which amount represents reimbursement of a lien for services rendered on behalf of petitioner, in the form of a check payable jointly to petitioner and
>
> > Colorado Department of Health Care Policy & Financing
> > Benefits Coordination Section
> > Attn: Ron Vialpando
> > 1570 Grant Street
> > Denver, CO 80203-1818
> > Medicaid #: P125677
>
> d. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

2

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.      A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b.      Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c.      Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d.      Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, Naomi McMurtry, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner as follows:

> a. For future unreimbursable Anthem Premium expenses, beginning on the first anniversary of the date of judgment, an annual amount of $3,850.20 to be paid up to the anniversary of the date of judgment in year 2042, increasing at the rate of five percent (5%), compounded annually from the date of judgment.
>
> b. For future unreimbursable Anthem Maximum-out-of-Pocket expenses, beginning on the first anniversary of the date of judgment, an annual amount of $6,300.00 to be paid up to the anniversary of the date of judgment in year 2042, increasing at the rate of five percent (5%), compounded annually from the date of judgment.
>
> c. For future unreimbursable Medicare Supplement Plan C expenses, beginning on the anniversary of the date of judgment in year 2042, an annual amount of $1,677.84 to be paid for the remainder of petitioner's life, increasing at the rate of five percent (5%), compounded annually from the date of judgment.
>
> d. For future unreimbursable Medicare Part D expenses, beginning on the anniversary of the date of judgment in year 2042, an annual amount of $1,026.88 to be paid for the remainder of petitioner's life, increasing at the rate of five percent (5%), compounded annually from the date of judgment.
>
> e. For future unreimbursable YMCA expenses, beginning on the first anniversary of the date of judgment, an annual amount of $660.00 to be paid for the remainder of

petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

f. For future unreimbursable Scooter, Adjustable Cane, Lift Chair, Adjustable Bed, Shower Chair, Raised Toilet Seat, Reacher, Dragon Dictate, Adaptive Kitchen Equipment, and Voice Activated Phone expenses, on the anniversary of the date of judgment in year 2022, a lump sum of $1,876.53. Then, on the anniversary of the date of judgment in year 2027, a lump sum of $3,311.53. Then, on the anniversary of the date of judgment in year 2032, a lump sum of $1,876.53. Then, on the anniversary of the date of judgment in year 2037, a lump sum of $3,311.53. Then, beginning on the anniversary of the date of judgment in year 2038, an annual amount of $518.80 to be paid up to anniversary of the date of judgment in year 2044. Then, on the anniversary of the date of judgment in year 2044, a lump sum of $552.65. Thereafter, beginning on the anniversary of the date of judgment in year 2045, an annual amount of $530.08 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

g. For future unreimbursable Scooter Maintenance, Scooter Battery, Adaptive Clothing, and Adaptive Footwear expenses, beginning on the first anniversary of the date of judgment, an annual amount of $331.26 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

h. For future unreimbursable Home Health Care expenses, beginning on the first anniversary of the date of judgment, an annual amount of $21,900.00 to be paid up to the anniversary of the date of judgment in year 2042. Thereafter, beginning on the anniversary of the date of judgment in year 2042, an annual amount of $29,200.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

i. For future unreimbursable Scooter Lift, on the anniversary of the date of judgment in year 2027, a lump sum of $1,215.00. Then, on the anniversary of the date of judgment in year 2037, a lump sum of $1,215.00. Thereafter, beginning on the anniversary of the date of judgment in year 2038, an annual amount of $121.50 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as

4

she, Naomi McMurtry, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Naomi McMurtry's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

5

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on or about October 24, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or about April 22, 2015, in the United States Court of Federal Claims as petition No. 15-405V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged GBS or ADEM or any other injury.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

### END OF STIPULATION

/
/
/
/

7

Respectfully submitted,

PETITIONER:

*[signature]*
NAOMI MCMURTRY

ATTORNEY OF RECORD FOR PETITIONER:

*[signature]*

LAWRENCE R. COHAN, ESQ.
DAVID J. CARNEY, ESQ.
ANAPOL WEISS
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Tel: (215) 735-3770

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*[signature]*

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*[signature]*

NARAYAN NAIR, M.D.
Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*[signature]*

CAMILLE M. COLLETT
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4098

Dated: 12/13/2017